UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM HOWARD WITKNOWSKI,

    Petitioner,

v.

STATE OF WASHINGTON ,

    Respondent.

CASE NO. 3:20-cv-05997-MJP-BAT

**REPORT AND RECOMMENDATION**

## DISCUSSION

On October 6, 2020 petitioner submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his May 2019 conviction and sentence for Unlawful Possession of a Controlled Substance with Intent to Deliver and Possession of a Firearm in Pierce County Superior Court No. 15-1-04375-9. (petitioner) Dkt. 1.

The matter has been referred to the undersigned Magistrate Judge. Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition. The Court has examined the petition. Dkt. 7. The petition plainly states petitioner was found guilty following a jury trial and sentenced on May 31, 2019, and that he did not file a direct appeal, or seek review of any other sort. *Id.* at 2-3. The habeas petition

REPORT AND RECOMMENDATION - 1

1  indicates petitioner has not presented to the state courts any of the grounds for relief that he
2  presents to the Court. The habeas petition is (1) unexhausted, (2) untimely and barred by the
3  statute of limitations, and (3) raises claims that fail to state grounds for relief. As no amendment
4  can cure these deficiencies, leave to amend the petition should not be granted and the Court
5  should dismiss the petition with prejudice at this juncture. If this recommendation is adopted,
6  issuance of a certificate of appealability (COA) should also be denied.

## DISCUSSION

**A.    Claims Raised in the Habeas Petition**

The habeas petition alleges petitioner was convicted in Pierce County Superior Court and was sentenced on May 31, 2019 to serve 404 months of imprisonment. Dkt. 7 at 1. Petitioner avers he did not appeal the conviction and sentence and has not filed any other challenge to the conviction. *Id. 1-3*. The habeas petition on its face thus plainly establishes petitioner has failed to exhaust his federal claims because he has failed to fully or fairly presented the claims to all levels of the state courts, including the Washington Supreme Court.

In the present federal habeas petition, petitioner raises essentially four grounds for relief. He affirmatively asserts he has not presented any of these grounds to the Washington State Court of Appeals or to the State Supreme Court claiming that "The State of Washington does not have the jurisdictional authority to decide on the United States Constitution matters, which are outside it's jurisdictional or statutory governing limits." (complaint) *Id*. at 5.

In ground one, petitioner contends his state conviction and sentence are invalid because he was not charged by an indictment of a Grand Jury in violation of the Fifth Amendment. *Id.*

In ground two, petitioner contends his conviction and sentence are invalid because Washington State "is acting in willful defiance of the established procedures and processes set

forth by the U.S. Constitution that are available in several states," by failing to charge and convict me by grand jury indictment" *Id*. at 7.

In ground three, petitioner contends his conviction and sentence are invalid and thus he has been enslaved in violation the Thirteenth Amendment. *Id.* at 8-9.

And in ground four, petitioner contends his rights under the Fifth and Fourteenth Amendments have been violated because he was convicted and sentenced for a crime charged by Grand Jury Indictment. *Id.* at 11.

**B.      Exhaustion**

A habeas petitioner may pursue federal habeas relief only after he or she has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner was required to raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. He affirmatively avers he did not (Dkt. 7 at 2); each of the claims contained in his federal petition are consequently unexhausted. Petitioner contends he did not present his grounds for relief to the

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 3

state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters." This contention fails because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. In other words, state courts have the authority to determine whether the federal constitutional rights of a state criminal defendant were violated, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). As petitioner avers he has never presented his grounds for relief to the state courts, his federal petition is unexhausted and should be dismissed.

**C.     Habeas Statute of Limitations**

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally ends and the judgment becomes final either upon the expiration of the time for filing a petition for writ of

REPORT AND RECOMMENDATION - 4

certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

Here, petitioner was sentenced on May 31, 2019. He did not appeal, file a state petition for collateral review, or file a petition for certiorari in the Supreme Court. The judgment he now challenges thus became final on August 29, 2019 the last date petitioner could have sought certiorari. The federal habeas statute of limitations therefore began to run on August 30, 2019 and expired a year later on August 30, 2020. Petitioner's federal petition, submitted for filing on October 6, 2020, is untimely and should be dismissed.

Because the present habeas petition is untimely, the Court considers whether there are equitable grounds to toll the statute of limitations. The federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id*. at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.

2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003).

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

The record establishes petitioner knew about or should have known about the factual and legal grounds for his claim in 2019 when he filed was sentenced. He was prosecuted in the Pierce County Superior Court and obviously knew that he had been charged by criminal information before his conviction in 2019 and before he was sentenced in May of that year. He could have but failed to file a timely federal habeas petition following his conviction raising his claim that his rights were violated. The record establishes there was no external barrier outside of petitioner's control that prevented him from timely raising the present claims.

In sum, because petitioner's habeas petition is untimely and there are no equitable or other grounds that apply, the Court recommends the petition be dismissed with prejudice.

**D.     Petitioner's Claims Lack Merit**

Even if plaintiff had exhausted the claims asserted in his federal habeas petition, and had timely filed his petition, none of the claims have any merit and the petition should therefore be dismissed.

*1.     Requirement of Grand Jury Indictment*

Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. The

1   contention lacks merit because it has long been settled that there is no denial of Federal
2   Constitutional rights involved in the substitution of the prosecuting attorney's criminal
3   information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S.
4   516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a
5   violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal
6   information).

### 2.   *Thirteenth Amendment and Slavery*

Petitioner also contends his conviction and sentence violate the Thirteenth Amendment's prohibition against slavery. It is unclear what facts support this contention. If petitioner is claiming that he performs work activity in the prison in violation of the Thirteenth Amendment, the claim fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States ...." *Id* . § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

If plaintiff is claiming the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid, the claim also fails. As noted above a state may charge a criminal defendant by information and the failure to utilize a grand jury does not offend the due process clause. Petitioner has thus failed to present facts that would establish, in the slightest, a violation of the Thirteenth Amendment.

REPORT AND RECOMMENDATION - 7

**CERTIFICATE OF APPEALABILITY**

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue in regard to the habeas petition. Habeas Rule 11(a).  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted seeks habeas relief for unexhausted claims that he has failed to present to the state courts and now presents in a time-barred petition and which also lack merit. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND NOTING DATE**

Any objections to this Recommendation must be filed no later than **November 24, 2020**. The Clerk shall note the matter as ready for the Court's consideration on Friday**, November 27, 2020** and the Clerk. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 10th day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8